

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-13-2005

# Spence v. Philadelphia

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3334

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Spence v. Philadelphia" (2005). *2005 Decisions.* Paper 554.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/554

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 04-3334

————

THERMON E. SPENCE, JR.
                    Appellant

v.

CITY OF PHILADELPHIA

————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-03051)
District Judge:  Hon. Thomas N. O'Neill, Jr.

————

Submitted Under Third Circuit LAR 34.1(a)
September 12, 2005

Before:  SLOVITER, BARRY and SMITH, Circuit Judges

(Filed September 13, 2005)

————

OPINION

SLOVITER, Circuit Judge.

Plaintiff Thermon Spence, Jr. appeals from the District Court's order granting summary judgment to Defendant City of Philadelphia ("City") and denying Spence's motion for summary judgment. We affirm the District Court's grant of summary judgment, although we do so on grounds that differ from the grounds upon which the District Court relied.

## I.

Because the parties are familiar with the case, we will cite only the pertinent facts. Spence, an African American male, began working for the City of Philadelphia as a semi-skilled laborer in April 1996. In 2001, Spence began the process to become eligible for a promotion to the position of Painter 1. That process, administered by the City's Personnel Department, consisted of three parts: meeting the minimum training and experience requirements, passing a written examination, and satisfying a performance evaluation. Candidates who met the minimum training and experience requirements were given the written examination on March 14, 2001. Those who passed were then eligible to proceed to the performance evaluation phase, which consisted of a task simulation evaluation. Candidates who satisfied the performance evaluation were then ranked on an eligibility list for promotion to Painter 1. Rank was based 90% on test scores and 10% on seniority.

Spence was one of twenty-seven applicants who took the written examination. Of these applicants, fourteen were African American, twelve were Caucasian, and one was

2

Hispanic. Fifteen of these applicants, including Spence, passed the written examination and then attempted the performance evaluation. Of these fifteen applicants, three were African American, eleven were Caucasian, and one was Hispanic. Four of the fifteen applicants, Spence, another African American applicant, and two Caucasian applicants, failed the performance evaluation. The eleven applicants who passed the performance evaluation were ranked on the eligibility list. Based on this ranking, two Caucasian candidates were promoted to the position of Painter 1 before the list expired.

In November 2003, the City conducted another promotional examination process. Spence testified that he was unaware of the 2003 process and did not participate in it. Six applicants participated in this process: two African Americans, three Caucasians, and one Hispanic. One African American applicant failed the written examination, and the other African American applicant failed the performance evaluation. Because two of the three Caucasians who passed the written examination declined to take the performance test, only one Caucasian candidate and one Hispanic candidate were eligible for promotion at the conclusion of the 2003 promotional process.

On May 12, 2003, Spence filed suit in the District Court against the City of Philadelphia, alleging denial of a promotion on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and the Pennsylvania Human Relations Act, 43 P.S. 951, et seq. (PHRA). App. at 3-4, 22. The next month, he amended his complaint to add a claim alleging unfair retaliation for reporting an incident

of same-sex sexual harassment.  After discovery, Spence moved for partial summary judgment, alleging, for the first time, that "defendant's promotional examination process for Painter 1 had a disparate impact on African Americans under the four-fifths rule of 29 C.F.R. § 1607.4(D) (EEOC Uniform Guidelines)."  App. at 14.[1]  Spence presented statistical evidence showing that the rate at which African Americans were promoted was less than four-fifths of the rate at which Caucasians were promoted.  The City moved for summary judgment on all counts.  Spence did not oppose the City's motion with respect to his retaliation claim, but opposed the City's motion on both his disparate treatment and disparate impact claims.  On July 1, the District Court entered summary judgment in favor of the City on all claims.

The District Court held that Spence's claim for disparate treatment failed because Spence could not establish a prima facie case of race discrimination, stating "there is simply no evidence that similarly situated nonmembers of his protected class were treated more favorably during the 2001 performance examination."  App. at 8-9.  The District

---

[1]  The Guideline provides, inter alia,

> A selection rate for any race, sex, or ethnic group which is less than four-fifths (4/5) (or eighty percent) of the rate for the group with the highest rate will generally be regarded by the Federal enforcement agencies as evidence of adverse impact, while a greater than four-fifths rate will generally not be regarded by Federal enforcement agencies as evidence of adverse impact.

4

Court also held that Spence had failed to establish a prima facie case of disparate impact because he had failed to offer sufficient "evidence of a significantly discriminatory hiring pattern." App. at 16. Because Spence's statistical evidence was based on a small sample size of only twenty-seven applicants, and Spence failed to offer expert testimony that suggested that the hiring disparity was statistically significant, the District Court concluded that the "statistical universe . . . [was] too small to be probative." App. at 19.

The District Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the District Court's decision to grant summary judgment to the City. Bonneville Int'l Corp. v. Peters, 347 F.3d 485 (3d Cir. 2003).

## II.

On appeal, Spence contests only the District Court's dismissal of his disparate impact claim. He argues that the District Court erroneously placed on him the burden of proving that the evidence was statistically significant. He contends that even in the absence of evidence proving that the sample is too small to be a statistically significant demonstration of disparate impact, it is sufficient to establish a prima facie case. Spence further argues that the District Court erred in finding as a matter of law that the sample size was too small to demonstrate disparate impact.

In response, the City argues that summary judgment on the disparate impact claim was appropriate because Spence failed to plead that claim in a timely manner, and thus

waived it.

## III.

In ruling on the summary judgment motion, the District Court noted that Spence raised his disparate impact claim at a late stage in the proceedings. The Court stated, "[d]espite not having raised the [disparate impact] issue" in his EEOC Complaint or First Amended Complaint, plaintiff "allege[d] in his motion for partial summary judgment that defendant's promotional examination process for Painter 1 had a disparate impact on African American applicants under the four-fifths rule." App. at 14. The Court nevertheless addressed the merits of Spence's disparate impact claim.

Under this court's precedent, a claim that has not been timely raised is waived. We applied that rule in Josey v. John R. Hollingsworth Corp., 996 F.2d 632, 641-42 (3d Cir. 1993), where we upheld the district court's rejection of a disparate impact claim that had been raised after the close of discovery. The district court in Josey found that "the new allegations would prejudice [the defendant] because [the defendant] would have different burdens and defenses from those under the disparate treatment claim." Id. at 642. We agreed, and noted that the plaintiff "should have moved to amend his pleadings during discovery upon his determination that he had a disparate impact claim." Id. See also Armbruster v. Unisys Corp., No. 91-5948, 1996 WL 55659, at *3 (E.D. Pa. Feb. 7, 1996) (dismissing plaintiff's disparate impact claim because it was not mentioned in the allegations stated in the complaint.); Verney v. Dodaro, 872 F.Supp. 188, 193 (M.D. Pa.

6

1995) (holding that plaintiff's failure to assert disparate impact claim in her complaint precluded later assertion of that claim); Rush v. Scott Paper Co., No. 93-5973, 1995 WL 46703, at *3 (E.D. Pa. Feb. 1, 1995) (holding that plaintiff could "not proceed under a disparate impact theory of liability, as he failed to raise this theory until after discovery and ha[d] never raised this theory in a complaint"); see also Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (noting that "where a plaintiff sets forth only the disparate treatment theory in his pleadings and does not move to amend his complaint until summary judgment following the close of discovery, the plaintiff is barred from proceeding on the disparate impact theory").

Here, Spence failed to raise the issue of disparate impact in his complaint. Moreover, he failed to file a motion for leave to amend his complaint before the close of discovery.  In fact, he did not assert a disparate impact claim until he moved for partial summary judgment on April 14, 2004.  Discovery had been closed as of March 16, 2004. Because Spence never pled his disparate impact claim, the City had no notice of the issue. As the Josey court recognized, the trial preparation needed to defend against a disparate impact claim is distinct from that necessary to defend against a disparate treatment claim. 996 F.2d at 642.  Therefore, allowing Spence to add a new theory of liability at summary judgment would have impermissibly prejudiced the City because the City faced different burdens and defenses under this second theory of liability.  It follows that Spence was precluded from raising the disparate impact claim for the first time at the summary

7

judgment phase. Therefore, summary judgment for the City was appropriate.

**IV.**

For the reasons state above, we will affirm the District Court's grant of summary judgment.